UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
                                                                )
DAVID MAHER,                                            )
                                                                )
       Plaintiff,                                 )
                                                                )
       v.                                              )
                                                                )   Case No.: __ Civ. _____ (___)
COMPASS,                                                )
                                                                )   **DECLARATION OF**
       Defendant.                             )   **KATHY S. MARKS IN**
                                                                )   **SUPPORT OF MOTION**
This document relates to:                         )   **TO COMPEL**
                                                                )
JESSICA MAHER v. DAVID ATKINSON    )
MAHER, E.D.N.Y. Case No. 17 Civ. 0173    )
(ADS) (ARL)                                              )
_____X

       **KATHY S. MARKS,** declares under penalty of perjury pursuant to 28 U.S.C. § 1746

       1.       I am a partner at Yankwitt LLP, attorneys for David Maher ("Maher"), plaintiff in the above-captioned action, and defendant in the related action, *Jessica Maher v. David Atkinson Maher*, 17 Civ. 0173 (ADS) (ARL), pending in the District Court for the Eastern District of New York (the "EDNY Action"), and, as such, am fully familiar with the facts and circumstances of this matter.

       2.       I submit this Declaration in support of Maher's motion for an order compelling defendant Compass to produce certain documents responsive to a subpoena deuces tecum issued in connection with the EDNY Action.

       3.       In the EDNY Action, Jessica Maher, a licensed real estate broker, has asserted claims for damages, including emotional distress and lost income, arising out of a December 3, 2015 altercation between Jessica and David Maher.  Jessica has been employed by Compass since 2014.

4. On June 28, 2018, we served Compass, with a subpoena duces tecum in connection with the EDNY Action (the "Subpoena"). A copy of the Subpoena Duces Tecum and the Affidavit of Service are annexed as <u>Exhibit A</u>.

5. The Subpoena sought production of, *inter alia*, (1) Jessica's employee file, (2) documents reflecting any compensation paid to Jessica, (3) any listings under Jessica's control from December 1, 2014 to the present, and the results of any and all sales involving said listings, (4) documents, including emails, between Jessica and third parties concerning potential listings or sales for the period December 1, 2014 to the present, (5) documents, including emails, reflecting communications between Jessica and David Maher for the period December 1, 2014 to the present, and (6) documents, including emails, for the period December 1, 2014 to the present reflecting communications to or from Jessica concerning David Maher or any litigation with David Maher.

6. The next day, on June 29, 2018, I spoke with Compass' General Counsel, Timothea Letson, on the phone. In that conversation, I explained the relevance of the communications sought and agreed to enter into a confidentiality stipulation.

7. On August 9, 2018, I emailed a signed Confidentiality Stipulation to Ms. Letson. The Confidentiality Stipulation was also sent to Jessica's attorney for his signature, which was obtained on August 13, 2018.

8. On August 27, 2018, Compass produced a summary of compensation paid to Jessica between April 2016 and June 2018, along with certain leasing and brokerage agreements. Compass did not provide any written response to the Subpoena, and failed to produce any employee file, emails, correspondence, or any other documents.

9. We unsuccessfully attempted to contact Ms. Letson by telephone on August 30

and September 4, 2018 regarding the incomplete production, leaving voicemails both times.

10. By letter dated September 7, 2018, I advised Ms. Letson of Compass's failure to produce responsive documents and requested production no later than September 13, 2018. A copy of that letter is annexed as Exhibit B.

11. On September 13, 2018, I received an email from Ms. Letson stating only that the Subpoena was inappropriate insofar as it sought correspondence available through parties to the principal case. A copy of that email is annexed as Exhibit C.

12. By letter dated September 18, 2018, I again sought compliance with the Subpoena, and noted that Compass had waived any objections under Fed. R. Civ. P. 45(d)(2)(B) by failing to serve written objections within 14 days, and, in any event, had failed to assert a valid objection to the Subpoena. A copy of that letter is annexed as Exhibit D.

13. To date, Compass has neither responded to our letter nor produced additional documents.

14. As set forth in the accompanying memorandum of law, Compass has waived any objections that may be available and it should be required to produce all of the documents, including emails, requested by the Subpoena.

Dated: White Plains, New York
October 9, 2018

_____
Kathy S. Marks